# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case Nos. 5D2024-0902
5D2024-0903
LT Case Nos. 2023-301256-CFDB
2023-302217-CFDB

_____

CARRI JO KASEY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Karen A. Foxman, Judge.

Matthew J. Metz, Public Defender, and Victoria Rose Cordero, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Whitney Brown Hartless, Assistant Attorney General, Daytona Beach, for Appellee.


December 5, 2025


PER CURIAM.

AFFIRMED.

EISNAUGLE and KILBANE, JJ., concur.
MAKAR, J., concurs specially with opinion.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

MAKAR, J., concurring specially.

At issue in this violation of probation case is whether the trial judge erred in assessing the evidence of possible child pornography on Carri Jo Kasey's cellphone. Kasey's boyfriend was a suspect of child abuse and the investigation pulled her into the matter, resulting in the search of her cellphone, which had two photographs of two of her young sons with their privates showing. Kasey was on probation for multiple charges of drug possession and driving while license was suspended. Based upon the evidence presented at the violation of probation hearing, including expert testimony of the forensic analysis of the cellphone, the trial judge concluded that Kasey had violated the condition of probation that she must not engage in any new law violations (i.e., possessing child pornography, in this case) and sentenced her to five years imprisonment on the drug and driving charges. On appeal, Kasey highlights evidence that supports the view that she did not willfully and substantially violate her probation by possessing the photos of her sons. The State counters that the record evidence supports the trial court's findings of a willful and substantial violation. As an appellate court, we are constrained to affirm a trial court's finding of a willful and substantial violation of probation unless the record lacks supporting evidence. On that basis, affirmance is warranted. That said, the record evidence as a whole could have supported a determination by the trial court that Kasey did *not* commit a willful and substantial violation—a determination that would warrant an affirmance, as well, because of the appellate standard of review. The closeness of the evidentiary question makes this a difficult case. Based on the appellate standard of review, I join my colleagues in affirmance.